IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DANIEL R. HOLLAND, | : | |
| Plaintiff, | : | Case No. 3:11-cv-387 |
| vs. | : | JUDGE WALTER HERBERT RICE |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO DISMISS (DOC. #9); JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

Pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, Plaintiff Daniel R. Holland filed suit against the Department of Veterans Affairs ("DVA"), alleging medical malpractice. This matter is currently before the Court on Defendant's motion to dismiss Plaintiff's claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. #9. For the reasons set forth below, pursuant to Rule 12(b)(6), the Court sustains Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

I. **Background and Procedural History**

In February of 1997, Plaintiff had a mass removed from his neck at the Dayton Veterans Administration Center. At that time, he was told that the mass was benign. In November of 2008, the mass recurred and Plaintiff had it removed at the University of Cincinnati Medical Center. The mass was identified as

recurrent adenoid cystic carcinoma. Following surgery, Plaintiff was required to undergo multiple chemotherapy and radiation treatments.

Plaintiff subsequently filed an Administrative Tort Claim with the DVA. The DVA denied his claim on December 7, 2010. Pursuant to 28 U.S.C. § 2401(b), Plaintiff had six months from that date to file suit: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." Plaintiff filed his FTCA claim on June 2, 2011, just five days before the six-month statute of limitations expired.

Plaintiff's counsel allegedly sent a waiver of service to the United States Attorney's Office, but the waiver was never returned. Accordingly, on October 7, 2011, this Court issued a show cause order, giving Plaintiff ten days to show cause why the action should not be dismissed for failure to effect service within the time allotted by Federal Rule of Civil Procedure 4(m). Plaintiff's counsel, however, failed to respond to the show cause order. His paralegal acknowledges that she received the email notification containing the show cause order, but speculates that it was overlooked because the case caption was similar to that of another case in which the attorney had no continuing involvement. Walters Aff. ¶ 6.

On October 24, 2011, this Court dismissed Plaintiff's Complaint without prejudice for failure to make timely service. After Plaintiff re-filed his Complaint on

2

November 1, 2011, Defendant moved to dismiss it under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. #9.

## II.     Analysis

Although Plaintiff's initial suit was filed within the six-month statute of limitations, it was dismissed without prejudice for failure to effect service within the time allotted by Federal Rule of Civil Procedure 4(m). Plaintiff did not re-file the suit until November 11, 2011, more than five months after the statute of limitations had run.

The statute of limitations was not tolled while the first suit was pending. *See Bomer v. Ribicoff*, 304 F.2d 427, 428-29 (6th Cir. 1962) (citation omitted) ("[a]n action dismissed without prejudice leaves the situation the same as if the suit had never been brought . . . [i]n the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending."); *see also Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (noting that "the filing of a complaint which is later dismissed without prejudice for failure to perfect service does not toll the statute of limitations" and that if the limitations period has run by the time the dismissal is filed, the new action is generally untimely). Accordingly, Plaintiff's present suit was clearly filed outside the statute of limitations.

Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. In the alternative, Defendant argues that the

3

suit is subject to dismissal under Rule 12(b)(6) because the untimely filing is not saved by either the state savings statute or by the doctrine of equitable tolling.

## A. Subject Matter Jurisdiction

Plaintiff's failure to timely file his FTCA claim does not deprive this Court of subject matter jurisdiction. In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990), the Supreme Court held that equitable tolling applies to suits against the United States. Referring to the *Irwin* decision, the Eighth Circuit later held that "[n]ecessary to this expressed holding is an implied holding that strict compliance with the statute of limitations is not a jurisdictional prerequisite to suing the government. If the statute of limitations were jurisdictional, the court could have no power to consider tolling it." *Schmidt v. United States*, 933 F.2d 639, 640 (8th Cir. 1991). In accordance with *Schmidt*, the Sixth Circuit has also rejected the argument that § 2401(b) is a jurisdictional statute of limitations that cannot be equitably tolled. *Glarner v. Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir. 1994).

As Defendant appropriately points out, there is some Sixth Circuit case law to the contrary. *See, e.g. Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 332 (6th Cir. 2008) (holding that the district court lacked subject matter jurisdiction over an FTCA claim that was untimely filed); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002) (holding that, under the FTCA, the district court did not have jurisdiction over an untimely claim). However, neither *Humphrey* nor *Blakely* discussed the binding precedent established in *Glarner* and, in this Court's

4

view, were erroneous in that respect. Therefore, the Court OVERRULES Defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### B.     Failure to State a Claim Upon Which Relief Can Be Granted

Having determined that this Court has jurisdiction to consider the claim, the Court turns to the question of whether dismissal is nevertheless warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. As the Sixth Circuit explained in *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 701 (6th Cir. 1978), a complaint showing on its face that relief is barred by an affirmative defense, such as a statute of limitations, is subject to dismissal under Rule 12(b)(6).

As noted earlier, Plaintiff's FTCA claim was untimely filed. At issue is whether that claim is subject to either the Ohio savings statute or the doctrine of equitable tolling. For the reasons set forth below, the Court finds that neither applies, and that dismissal under Rule 12(b)(6) is therefore warranted.

#### 1.     Ohio Savings Statute

Plaintiff first argues that his FTCA claim is saved by Ohio Revised Code § 2305.19(A), the Ohio savings statute. That statute provides, in relevant part, that "[i]n any action that is commenced or attempted to be commenced, if in due time . . . the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the . . . plaintiff's failure

5

otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

The Ohio savings statute, however, does not apply to FTCA claims. The Sixth Circuit has held that "the statute of limitations in § 2401(b) must be strictly construed, and this court may not extend it by relying on the tolling provisions of state law." *Chomic v. United States*, 377 F.3d 607, 615 (6th Cir. 2004).

Other jurisdictions have similarly held that state tolling provisions do not apply to FTCA claims. Noting that "federal law defines the applicable limitations period," the Tenth Circuit rejected the argument that the Kansas savings statute allowed a plaintiff to re-file an FTCA claim that had previously been timely filed and dismissed. *In re: Franklin Savings Corp.*, 385 F.3d 1279, 1288 (10th Cir. 2004) (citing *Pipkin v. United States Postal Serv.*, 951 F.2d 272, 274-75 (10th Cir. 1991)). The court held that "a state savings statute has no application to tort claims brought against the United States." *Id.* Likewise, the Seventh Circuit has held that "[w]hen a plaintiff brings a claim in federal court that is subject to a federal, rather than a state, statute of limitations, a state savings statute does not apply. Federal law, not state law, governs the statute of limitations for the FTCA." *Rush v. Lock*, 19 Fed. Appx. 416, 418 (7th Cir. 2001) (citations omitted).

The Court therefore concludes that the Ohio savings statute is inapplicable. The only remaining question is whether Plaintiff's claim is subject to the doctrine of equitable tolling.

6

## 2. Equitable Tolling

The doctrine of equitable tolling is generally applicable to suits against the federal government, including suits brought under the FTCA. *Glarner*, 30 F.3d at 701 (6th Cir. 1994). Nevertheless, in *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, the Sixth Circuit held that "[t]ypically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." 209 F.3d 552, 560-61 (6th Cir. 2000).

In considering whether to apply equitable tolling to a given situation, the Sixth Circuit considers the following factors: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id.* at 702.

> As the Supreme Court explained in *Irwin*:
>
> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. at 96 (footnotes omitted). *See also Graham-Humphreys*, 209 F.3d at 561 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

7

Under the circumstances presented here, there is no basis for applying the doctrine of equitable tolling to save Plaintiff's claim. Plaintiff had actual and constructive notice of the filing requirement, and he was not "induced or tricked" by Defendant into allowing the filing deadline to pass. He, in fact, filed the original complaint in a timely manner, and there was nothing inherently "defective" about that pleading. Rather, Plaintiff's FTCA claim was dismissed only because his attorney: (1) failed to obtain proper service within the time allotted; and then (2) failed to respond to the Court's show cause order.

Under these circumstances, Plaintiff cannot be said to have exercised due diligence in pursuing his claim. Nor should Defendant be burdened with continued litigation costs. There is no compelling equitable reason to allow Plaintiff to proceed any further.

Plaintiff's reliance on *Johnson v. Hayden*, 67 Fed. Appx. 319 (6th Cir. 2003), is misplaced. In that case, as here, the plaintiff failed to perfect service in a timely manner. However, rather than dismissing the case without prejudice for lack of personal jurisdiction, the court erroneously ruled on the merits and dismissed the case with prejudice. Principles of *res judicata* prevented the plaintiff from refiling the action until the appellate court reversed that decision. There, the Sixth Circuit found that equitable tolling should apply because it was the district court's "own errant ruling, rather than the Johnsons' neglect," that caused the untimely filing. *Id.* at 322-23. In contrast, in this case, the blame lies solely with Plaintiff.

8

This case is clearly more akin to *Irwin*, where the untimely filing resulted because the plaintiff's attorney was out of the country when the notice of the plaintiff's right-to-sue was received from the EEOC. In that situation, the Supreme Court held that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." 498 U.S. at 96.

Here, Plaintiff's attorney had a responsibility to ensure proper and timely service on Defendant in accordance with Federal Rule of Civil Procedure 4(l) and 4(m), and S.D. Ohio Civ. R. 4.2(d). Not only did the attorney neglect that responsibility, but the attorney also completely overlooked the email containing the Court's show cause order. As in *Irwin*, these failures amount to nothing more than "a garden variety claim of excusable neglect." Under these circumstances, the Court cannot extend the principles of equitable tolling to save Plaintiff's FTCA claim. The Court therefore SUSTAINS Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

## III.     Conclusion

For the reasons set forth above, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court SUSTAINS Defendant's Motion to Dismiss Plaintiff's Complaint. Doc. #9.

Judgment will be entered in favor of Defendant United States and against Plaintiff. The captioned cause is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date:  September 24, 2012

                                              WALTER HERBERT RICE
                                              UNITED STATES DISTRICT JUDGE

10